```
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------
                                            :
GREGORY D. HAWKINS,                         :    CASE NO. 5:04-CV-00802
                                            :
          Petitioner,                       :
                                            :
vs.                                         :    OPINION
                                            :
RICH GANSHIMER, Warden,                     :
                                            :
          Respondent.                       :
                                            :
-------------------------------------------------------
```

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

On August 24, 2006, this Court denied Gregory D. Hawkins' petition seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. After reviewing the applicable law, this Court grants Petitioner Hawkins a Certificate of Appealability ("COA") as to his first claim for relief and denies a COA for Petitioner's remaining claim.

## I. Background

Petitioner Hawkins, an inmate in the custody of the Lake Erie Correctional Institution, was convicted by the state of Ohio of complicity to commit aggravated burglary with a firearm specification and sentenced to an eleven-year sentence. Petitioner Hawkins raised two claims in his petition for habeas corpus relief.[1/] This Court reviewed both Petitioner's claims for relief in

---

[1/] Ground One: The trial court committed prejudicial error by allowing inadmissible hearsay evidence to be used at trial in violation of Petitioner's right to confrontation of witnesses, a fair trial and due process of law as guaranteed by the Fifth, Sixth and Fourteenth Amendments to the Constitution of the United States.

Ground Two: The trial court committed prejudicial error by restricting cross-examination of a material witness in violation of petitioner's right to effective assistance of counsel, confrontation of

(continued...)

-1-

Case No. 5:04-CV-00802
Gwin, J

accordance with 28 U.S.C. § 2254(d).

In its Order of August 24, 2006, this Court found that Petitioner failed to meet the standards for habeas relief on both his claims and denied his habeas petition.

At this time, Petitioner Hawkins has not applied to the Court for a COA in this matter. But the Sixth Circuit instructs that a district court need not wait until a petitioner moves for a COA before issuing a COA for claims raised in the habeas petition. *Castro v. United States*, 310 F.3d 900, 901 (6th Cir. 2002). Instead, a district court may "determine whether to issue a certificate of appealability when [it] denies the initial petition" for a writ of habeas corpus. *Lyons v. Ohio Adult Parole Auth.*, 105 F.3d 1063, 1072 (6th Cir. 1997), *cert. denied*, 520 U.S. 1224 (1997); *see also Castro*, 310 F.3d at 901 (same).

## II. Legal Standard for Certificate of Appealability

Congress mandates that a prisoner seeking post-conviction relief under 28 U.S.C. § 2254 has no automatic right to appeal a district court's denial or dismissal of the petition. *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). To file an appeal, a petitioner must obtain a COA. *Id.* A petitioner seeking a COA must show a "substantial showing of the denial of a constitutional right." *Id.* (quoting 28 U.S.C. § 2253(c)(2)). A district court grants a COA when "jurists of reason could disagree with the district court's resolution of [the petitioner's] constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 327; *Slack v. McDaniels*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983)).

---

[1/](...continued)
       witnesses and due process of law as guaranteed by the Fifth, Sixth and Fourteenth Amendments to the Constitution of the United States.

[Doc. 1.]

Case No. 5:04-CV-00802
Gwin, J

A district court should not issue a blanket grant or blanket denial of a COA. Instead, a district court "should separate the constitutional claims that merit the close attention of counsel and this court from those claims that have little or no viability." *Porterfield v. Bell*, 258 F.3d 484, 487 (6th Cir. 2001).

Finally, the decision whether to grant a COA is distinct from the underlying merits of a habeas petition. Granting a COA "does not require a showing that the appeal will succeed." *Miller-El*, 537 U.S. at 337. Indeed, a "claim can be debatable even though every jurist of reason might agree, after the COA has been granted and the case has received full consideration, that the petitioner will not prevail." *Id*. at 338.

### III. Analysis

After applying the above legal standards, the Court will issue a COA for Petitioner Hawkins' first ground for relief. The Court will not issue a COA for Hawkins' other claim.

In his first claim for relief, Hawkins asserted that the trial court's admission of a separately indicted co-defendant's tape-recorded confession, which was inculpatory of both the co-defendant and the Petitioner, violated the Fifth, Sixth, and Fourteenth Amendments. Hawkins argues that the trial court misapplied clearly established federal law because the co-defendant's statements contained neither an adequate indicia of reliability nor particularized guarantees of trustworthiness.

As discussed in this Court's Order, this is the Petitioner's strongest argument for habeas relief. Although this Court denied Hawkins' habeas petition, he makes a substantial showing of a denial of a constitutional right with this claim such that it is "adequate to deserve encouragement to proceed further." *See Slack*, 529 U.S. at 484 (internal quotation marks omitted). Indeed, although we ultimately determined that the error was harmless, this Court found that the trial court's

Case No. 5:04-CV-00802
Gwin, J

admission of the co-defendant's tape-recorded confession was a misapplication of clearly established federal law. This Court's decision to issue a COA on the Hawkins' first claim does not, however, evaluate the merits of the Petitioner's appeal or the likelihood of its success. Granting the COA implies only that Hawkins' first claim is debatable among jurists of reason. Thus, the Court issues a COA for Petitioner's first claim concerning whether the trial court's admission of a separately indicted co-defendant's tape-recorded confession, which was inculpatory of both the co-defendant and the Petitioner, violated the Fifth, Sixth, and Fourteenth Amendments

Unlike Petitioner's first claim, the Court will not issue a COA as to Hawkins' other claim for the reasons described below. This Court incorporates the reasoning set forth in its August 24, 2006 Order.

The Court finds that Petitioner's Second Claim, in which the Petitioner contends that the trial court violated his Fifth Amendment right to confront witnesses against him by improperly restricting cross-examination, is not debatable among reasonable jurists. As this Court noted in its previous Order, according to Supreme Court precedent, the trial courts have wide latitude to reasonably limit cross-examination. *Delaware v. Van Arsdall*, 475 U.S. 673, 680 (1984); *Delaware v. Fensterer* 474 U.S. 15 (1985). "A criminal defendant states a violation of the Confrontation Clause by showing that he was prohibited in engaging in otherwise appropriate cross-examination designed to show a prototypical form of a bias on the form of the witness, and thereby to 'expose to the jury the facts from which jurors . . . could appropriately draw inferences relating to the reliability of the witness.'" *Van Arsdall*, 475 U.S. at 680, *citing Davis v. Alaska*, 415 U.S. 308, 318 (1974).

In the instant case, the Petitioner argued that the trial court's limitations on the cross-examination of Lt. Stein, the officer who interviewed co-defendant Stewart, violated the

-4-

Case No. 5:04-CV-00802
Gwin, J

Confrontation Clause. During cross-examination of Lt. Stein, counsel for the Petitioner attempted to impeach the method and manner in which Stein took the statement. Specifically, the Petitioner attempted to demonstrate to the jury that the officer led Stewart through her statement and that, ultimately, "Stewart's only role was to verbally sign it." [Doc. 10.] The trial court, however, concluded that cross-examination regarding each of Stein's questions to Stewart was not necessary because "whatever is on the tape is on the tape." [Doc. 18.] Furthermore, as the state court of appeals determined, even after objections were sustained, the trial court still permitted extensive cross-examination of Stein. As the state court pointed out, the Petitioner did not need the cross-examination in order to show the jury the unreliability of the tape-recorded statement. *State v. Hawkins*, 2002 WL 31895118, ¶ 40. The jury would have been able to tell where there were leading questions and the limitations on cross-examination did not affect their ability to "draw inferences relating to the reliability of the witness." Therefore, the trial court's limitation of cross-examination as to Stein was not in violation of the Petitioner's constitutional rights and the Petitioner has not shown that the limitation of cross-examination was contrary to or an unreasonable application of Supreme Court precedent.

Furthermore, even if this court were to find a violation, limitation of cross-examination are subject to harmless error analysis. *Van Arsdall*, 475 U.S. at 680-81; *Arizona v. Fulminante*, 499 U.S. 279, 307 (1991). Factors to consider to determine whether the error was harmless are whether testimony was cumulative, whether there was evidence corroborating or contradicting the testimony, and the extent of cross-examination permitted. *Van Arsdall*, 475 U.S. at 684. Additionally, the court must consider "the overall strength of the prosecution's case." *Id*. This court found the admission of Stewart's statement to be harmless error. For the same reasons, this Court finds that the limitation

-6-

Case No. 5:04-CV-00802
Gwin, J

of cross-examination would also amount to harmless error.

## IV. Conclusion

For the reasons stated in this opinion, this Court grants Petitioner a Certificate of Appealability concerning his first claim. As to Petitioner's Second Claim, this Court will not issue a COA.

IT IS SO ORDERED.


Dated: October 18, 2006                s/      *James S. Gwin*
                                       JAMES S. GWIN
                                       UNITED STATES DISTRICT JUDGE